UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

13 CV 1589

CHARLES REYNOLDS,

Plaintiff,

-against-

CITY OF NEW YORK, SHREEGANES MEADE, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>



Plaintiff CHARLES REYNOLDS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CHARLES REYNOLDS is a twenty-seven year old African American man who resides in New York, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants SHREEGANES MEADE and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.    This action arises from the defendants' custom, policy and practice of racial profiling and harassment resulting in the successive violations of plaintiff's civil rights on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

**Incident One**

13.    On December 9, 2011, at approximately 2:00 p.m. in front of 200 West 143rd Street, New York, New York, defendant officers, including but not limited to defendant SHREEGANES MEADE, without justification, unlawfully stopped and searched plaintiff.

14.    Plaintiff was ordered to provide his identification and to stand against the wall while defendant officers searched inside of his pockets and inside of his sneakers, which he was ordered to take off.

15.    The defendant officers recovered no contraband from plaintiff.

16.    The officers detained plaintiff for approximately thirty minutes.

17.    Notwithstanding the fact that plaintiff had not committed any crime or offense, the defendants issued plaintiff summons no. 433481963-1.   The defendants issued plaintiff criminal process with malice, and otherwise caused a prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their unlawful stop and search of plaintiff.

18.    Plaintiff appeared as required in New York County Summons Court, and was thereafter notified by letter that the charges lodged against him had been dismissed and sealed on February 10, 2012, and that no further appearance were required.

3

**Incident Two**

19.     On December 21, 2011 at approximately 6:30 p.m., in the lobby of 200 West 143rd Street, New York, New York, defendant officers, including but not limited to defendant MEADE, again unlawfully stopped and detained plaintiff.

20.     Plaintiff was again ordered to provide his identification and to stand against the wall while defendant officers searched inside of his pockets and inside of his sneakers, which he was ordered to take off.

21.     The defendant officers recovered no contraband from plaintiff.

22.     The officers detained plaintiff for approximately thirty minutes.

23.     Notwithstanding the fact that plaintiff had not committed any crime or offense, defendants issued plaintiff summons no. 433542509-0.  The defendants issued plaintiff criminal process with malice, and otherwise caused a prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their unlawful stop and search of plaintiff.

24.     Plaintiff appeared as required in New York County Summons Court.

25.     On February 27, 2012 all the charges lodged against plaintiff were dismissed and sealed in New York County Summons Court.

**Incident Three**

26.     On January 28, 2012, at approximately 2:30 p.m., at the corner of West 143rd Street and 7th Avenue, New York, New York, defendant officers, including but not limited to defendant MEADE, again unlawfully stopped and detained plaintiff.

27.     Plaintiff was again ordered to provide his identification and was pushed up against a wall while defendant officers searched inside of his pockets.

4

28.    The defendant officers recovered no contraband from plaintiff.

29.    The officers detained plaintiff for approximately twenty minutes.

30.    Notwithstanding the fact that plaintiff had not committed any crime or offense, defendant MEADE issued plaintiff summons no. 4334796758.  The defendants issued plaintiff criminal process with malice, and otherwise caused a prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their unlawful stop and search of plaintiff.

31.    Plaintiff appeared as required in New York County Summons Court on April 20, 2012 on which date he was informed that all the charges lodged against him had been dismissed and sealed in New York County Summons Court on April 3, 2012, because said summons was legally insufficient.

**Incident Four**

32.    On February 20, 2012, at approximately 4:15 p.m., in the vicinity of the front of 200 West 143rd Street, New York, New York, defendant officers, including but not limited to defendant MEADE, again unlawfully stopped and detained plaintiff.

33.    Plaintiff was grabbed, thrown against a gate, and ordered to provide identification.

34.    The defendant officers handcuffed plaintiff and searched inside of his pockets.

35.    Plaintiff was thereafter imprisoned in a police van and transported to the 32nd Police Precinct Stationhouse, where he was imprisoned in a cell.

36.    At approximately 7:00 p.m., defendant MEADE issued plaintiff summons no. 433479663-1, and released him.  The defendants issued plaintiff criminal process with malice, and otherwise caused a prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover

5

up their unlawful stop, search, and imprisonment of plaintiff.

37.     Plaintiff appeared as required in New York County Summons Court on May 3, 2012 on which date he was informed that all the charges lodged against plaintiff had been dismissed and sealed in New York County Summons Court on April 24, 2012, because said summons was legally insufficient.

**As to Incidents One through Three**

38.     Defendant officers MEADE and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

39.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, illegally stopping and searching individuals, and thereafter issuing process to said individuals in an effort to cover-up their abuse of authority or for other collateral objectives, such as to meet quotas, the inadequate screening, hiring, retaining, training, and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and based on a custom or practice of falsification.

40.     The aforesaid events are isolated incidents. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements for stopping and searching individuals, disproportionately stop and search individuals due to discrimination against them based on their race and/or nationality, issue process against said individual in order to cover-up their abuse of authority or for other collateral objectives, including to meet quotas pursuant a policy of stop and frisk, and that they engage in a practice of falsification.

6

41.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

42.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

43.     As a result of the foregoing, plaintiff CHARLES REYNOLDS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

46.     All of the aforementioned acts deprived plaintiff CHARLES REYNOLDS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

47.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

48.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

49.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Defendants arrested plaintiff CHARLES REYNOLDS without probable cause, causing him to be detained against his will for extended periods of time with regard to each incident alleged.

53.    Defendants caused plaintiff CHARLES REYNOLDS to be falsely arrested and unlawfully detained on each of the dates described above.

8

54.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    With regard to the December 9, 2011 and December, 21, 2011 incidents, the defendants initiated, commenced and continued malicious prosecutions against plaintiff CHARLES REYNOLDS.

57.    Defendants caused plaintiff CHARLES REYNOLDS to be prosecuted without any probable cause until the charges were dismissed.

58.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants issued criminal process against plaintiff CHARLES REYNOLDS by issuing him criminal process and causing his appearance in New York County Summons Court following his arrests on December 9, 2011, December, 21, 2011, January 28, 2012, and February

9

20, 2012.

61.    Defendants caused plaintiff CHARLES REYNOLDS to be arrested and to appear in court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and/or to meet quotas, and thereby violated plaintiff's right to be free from malicious abuse of process.

62.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

63.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    The defendants falsely arrested and maliciously issued process to plaintiff CHARLES REYNOLDS because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

65.    As a result of the foregoing, plaintiff CHARLES REYNOLDS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

66.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

69.     As a result of the foregoing, plaintiff CHARLES REYNOLDS was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

70.     As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants had an affirmative duty to intervene on behalf of plaintiff CHARLES REYNOLDS, whose constitutional rights were being violated in their presence by other officers, on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

73.     The defendants failed to intervene to prevent the unlawful conduct described herein.

74.     As a result of the foregoing, plaintiff CHARLES REYNOLDS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated

11

and, on February 20, 2012, he was subjected to handcuffing and other physical restraints.

75.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

78.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

79.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.    The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to, stopping and searching individuals without justification or cause and then issuing criminal process to said individuals in an effort to cover-up their abuse of authority; engaging in racial profiling and/or racially motivated stops; and, a policy of falsification.

82.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of stop and frisk, which result in baseless arrests of citizens, as well as inadequate screening, hiring, retaining, training, and supervising its employees, and a policy of falsification, all of which were the moving force behind the violation of plaintiff CHARLES REYNOLDS' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHARLES REYNOLDS.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHARLES REYNOLDS as alleged herein.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CHARLES REYNOLDS as alleged

herein.

86.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHARLES REYNOLDS was unlawfully stopped, illegally searched, and maliciously issued process.

87.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHARLES REYNOLDS' constitutional rights.

88.    All of the foregoing acts by defendants deprived plaintiff CHARLES REYNOLDS of federally protected rights, including, but not limited to, the right:

    A.  Not to be deprived of liberty without due process of law;

    B.  To be free from false arrest/unlawful imprisonment;

    C.  To be free from the failure to intervene;

    D.  To be free from malicious prosecution;

    E.  To be free from malicious abuse of process; and

    F.  To receive equal protection under law.

89.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

14

91.    Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

92.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93.    This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

94.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

95.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.    Defendants arrested plaintiff CHARLES REYNOLDS without probable cause on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

97.    Plaintiff was detained against his will for extended periods of time.

98.    As a result of the aforementioned conduct, plaintiff CHARLES REYNOLDS was unlawfully detained in violation of the laws of the State of New York.

99.    As a result of the aforementioned conduct, plaintiff CHARLES REYNOLDS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

100.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of the foregoing, plaintiff CHARLES REYNOLDS was placed in apprehension of imminent harmful and offensive bodily contact on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

103.    As a result of defendant's conduct. plaintiff CHARLES REYNOLDS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants made offensive contact with plaintiff CHARLES REYNOLDS

without privilege or consent on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

107.    As a result of defendants' conduct, plaintiff CHARLES REYNOLDS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

108.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

109.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    With regard to the December 9, 2011 and December, 21, 2011 incidents, the defendants initiated, commenced and continued malicious prosecutions against plaintiff CHARLES REYNOLDS.

111.    Defendants caused plaintiff CHARLES REYNOLDS to be prosecuted without probable cause until the charges were dismissed.

112.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendants issued criminal process against plaintiff CHARLES REYNOLDS by issuing him summonses and causing him to appear in New York County Summons Court on December 9, 2011, December, 21, 2011, January 28, 2012, and February 20, 2012.

115.    Defendants caused plaintiff CHARLES REYNOLDS to be appear in court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

116.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

119.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

120.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

121.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CHARLES REYNOLDS.

122.   As a result of the aforementioned conduct, plaintiff CHARLES REYNOLDS suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

123.   As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

124.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests and prosecutions of plaintiff CHARLES REYNOLDS.

126.   Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

127.   As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests and prosecutions of plaintiff CHARLES REYNOLDS.

130.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

131.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "130" with the same force and effect as if fully set forth herein.

132.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

133.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to

20

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

134.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

136.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

137.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.    As a result of defendants' conduct, plaintiff CHARLES REYNOLDS was deprived of his right to equal protection of laws.

139.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

140.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "139" with the same force and effect as if fully set forth herein.

141.    As a result of defendants' conduct, plaintiff CHARLES REYNOLDS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

142.    As a result of the foregoing, plaintiff CHARLES REYNOLDS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHARLES REYNOLDS demands judgment and prays for the following relief, jointly and severally, against the defendants:

    A.  full and fair compensatory damages in an amount to be determined by a jury;

    B.  punitive damages against the individual defendants in an amount to be determined by a jury;

    C.  reasonable attorneys' fees and the costs and disbursements of this action; and

    D.  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 8, 2013

                LEVENTHAL & KLEIN, LLP
                Attorneys for Plaintiff CHARLES REYNOLDS
                Main Street, Suite 230
                Brooklyn, New York 11201
                (718) 722-4100

           By:              
                BRETT H. KLEIN (BK4744)

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

CHARLES REYNOLDS,

                                        Plaintiff,

                                                                    Docket No.

             -against-

CITY OF NEW YORK, SHREEGANES MEADE, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                                        Defendants.

---------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100